# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

Windell C. Blount                                          PLAINTIFFS
Christopher E. Kelly-Patton
James M. Evans, Sr.
Wanda Kilgore

VS                                    CIVIL ACTION NO. 3:14cv336 DPJ-FKB

Mississippi Department of Human Services                   DEFENDANT
Mr. Richard Berry, Executive Director
Ms. Linda Slaughter, Regional Director
Mr. Walley Naylor, Director of the Division of Field Operations
Ms. Ruth Ann Williams, Mississippi Access and Visitation Director
Ms. Nelene Ledford, Mississippi Access and Visitation
Ms. Petra Kay, Families first Resource Center Director
Ms. Faye Petersen, Family Master Appointee by the Department of Human Services
Ms. Sequoia Eubanks, Social Worker
Ms. Andreal Harper, Social Worker
Ms. Vernassia Harbin, Department Supervisor
Ms. Judy Price, Case Worker

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, plaintiffs; Windell Blount, Christopher Kelly-Patton, James M. Evans,

Sr. and Wanda Kilgore, pro se, and for cause of action against the defendants in

Mississippi Department of Human Services, Mr. Richard Berry, Executive Director;

Ms. Linda Slaughter, Regional Director; Mr. Walley Naylor, Director of the Division of

Field Operations; Ms. Ruth Ann Williams, Mississippi Access and Visitation Director;

Ms. Nelene Ledford, Mississippi Access and Visitation; Ms. Petra Kay, Families First

Resource Center Director; Faye Petersen, Family Master Appointee by the

Department of Human Services, Ms. Sequoia Eubanks, Social Worker; Ms. Andreal

Harper, Social Worker;  Ms. Vernassia Harbin, Department Supervisor and Ms. Judy Price, Case Worker; would state that the Mississippi Department of Human Services, consistently and regularly violated the Fourth, Fifth, Fourteenth, and Sixteenth Amendment of the Constitution of the United States by denying the citizens of the State of Mississippi due process under that law.

2. The Mississippi Department of Human Services has consistently denied citizens of the State of Mississippi the right to life, liberty, and the pursuit of happiness, which is a direct violation of the First Amendment. The manner in which the Department of Human Services suspends the Driving Licenses of Parents has a discriminatory effect upon minorities.  Most citizens in the State of Mississippi do not have access to mass public transit as is the case in cities such as New York, Los Angeles, Chicago, Detroit, Michigan, and Boston, Portland, Oregon and Salt Lake City. They must drive to work to earn income in order to satisfy any court-ordered payments and to support themselves and their families.  Suspending a person's Driver License causes a lot of undue stress on families and can lead to massive incarcerations inducing law abiding citizens into being convicted felons.  In addition to denial of employment with State and Federal jobs that require a valid license to be employed.

3. The Department of Human Services causes a lot of stress by sending threatening letters to withhold a person's income under the guise of "it's a Federal Law"; threatening to suspend a person's license, threatening to redirect and take control of a person's State Taxes and Federal Taxes without any concern that the information is accurate. (See attached **Exhibit A,** Clarion Ledger Article, investigated and written by Ms. Emily Lane, Clarion Ledger Reporter).

2

4. The Department of Human Services sends Affidavits of Accounting during the middle of the month instead of at the end, which is a violation of its own internal policies that contain inaccurate information. This is a violation of the Federal Consumer protection laws and the First, Fourth, Fifth, fourteenth, and Sixteenth Amendments et.als.

5. The Access and Visitation Division does not follow any established rules regarding assisting non-custodial parents with visitation in the enforcement of the Court Order. This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

6. The Department of Human Services does not timely credit payments that are received from Non-custodial parents.

7. The Department of Human Services requires a five-dollar administrative fee from Non-Custodial Parents for handling their payments. This is a violation of the Sixteenth Amendment. **Exhibit "B"** Letter mandating a $5.00 fee.

8. The Department of Human Services continues to employ non-bonded and non-bondable employees. See **Exhibit "C"** Peers Committee Report of 2009 Child Support (Copy of **Exhibit D** is in the hands of the Defendant and the Mississippi Legislature). This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

9. The Department of Human Services has violated the Civil Rights of Wanda Kilgore, a citizen of Madison County, State of Mississippi, by causing her fear and injury of bodily harm affecting the apprehending, arresting, and taking control of her in her own residence as she was sleeping in her bed. **Exhibit "E"** (Order of

3

Incarceration is attached.) This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

10. The Department of Human Services engages in such reckless behavior without regards to the negative consequences of clients, such as, submitting erroneous data to Credit Bureaus and accepting fraudulent applications for public assistance. This is in violation of the Fourth, Fifth, Fourteenth, and Sixteenth Amendment of the Constitution, et.al.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. 1331, because the case arises under the Constitution and laws of the United States; (b) 28 U.S.C. 1343, because this action seeks redress and damages for violation of 42 U.S.C. 1983 and 1985 and, in particular, the due process and equal protection provisions of the United States Constitution, including the rights protected in the Fourth, Fifth, Fourteenth, and Sixteenth Amendments thereof; and (c) 28 U.S.C. 1332,and since this is a monetary action and costs, a sum in civil action involving, exclusive of interest causes of action excess of $50,000.00.

Plaintiff Windell Blount is an adult resident citizen of the County of Madison, State of Mississippi. The defendant is the Department of Human Services, which is a Governmental Agency within the state of Mississippi. The Department of Human Services is responsible for overseeing the Child Support Enforcement Division.

4

Plaintiff Christopher E. Kelly-Patton is an adult resident citizen of the County of Lamar, State of Mississippi. The defendant is the Department of Human Services, which is a Governmental Agency within the state of Mississippi. The Department of Human Services is responsible for overseeing the Child Support Enforcement Division.

Plaintiff James M. Evans, Sr., is an adult resident citizen of the County of Hinds, State of Mississippi. The defendant is the Department of Human Services, which is a Governmental Agency within the state of Mississippi. The Department of Human Services is responsible for overseeing the Child Support Enforcement Division

Plaintiff Wanda Kilgore is an adult resident citizen of the County of Madison, State of Mississippi. The defendant is the Department of Human Services, which is a Governmental Agency within the state of Mississippi. The Department of Human Services is responsible for overseeing the Child Support Enforcement Division.

## FACTS

1. On June 29, 2010, Ms. Sequoia Eubanks and Ms. Vernassia Harbin, of the Department of Human Services accused Windell C. Blount of sexual misconduct of his young son based on false information that was given to them from his ex-wife and also denied him access and visitation with his son and slandered his name and character. (a.) Mr. Blount initially reported the incident to DHS when he learned from his son that he had been sexually assaulted by his ex-wife's live-in boy friend. (b.) At that point DHS official, Andreal Harper gave Mr. Blount custody of his young

5

son per the order of the Youth Court Judge, William Skinner. (c.) A couple days later

Mr. Blount's ex-wife presented DHS a bogus tape that she falsified trying to

implicate him. (d.) DHS called Mr. Blount and asked him to bring his son to them for

questioning in which he complied. (e.) DHS officials informed him of the allegations

from his ex-wife and stated that he would have to leave his son with them until after

the hearing. (f.) During the trial, Judge William Skinner of Hinds County Youth Court

stated in open court that the information presented by Mr. Blount's ex-wife was a

false tape. (g.) The Youth Court Judge recommended a change in custody to be done

in Chancery Court. (h.) As is customary, Youth Court Records are sealed.

Additionally, this is an abuse of power by the Youth Court to conceal the identity of

the perpetrator and the truth of the matter regarding abused children.

2. Mr. Richard Berry, Executive Director (DHS) on or about the date of June 2010

and April 17, 2014 failed to provide meaningful accommodations and equal

protection under the law in addition to Due Process of the Law in assisting plaintiffs,

Windell C. Blount, Christopher E. Kelly-Patton, James M. Evans, Sr., and Wanda

Kilgore with answers to issues alleged in this complaint.  This is a violation of the

Fourth, Fifth, Fourteenth and Sixteenth Amendments.

3. On June 29, 2010, Ms. Andreal Harper, Social Worker, failed horribly to

investigate and present the facts about the abuse of Mr. Blount's young son while in

Youth Court. (**Exhibit "F"** is in the hand of the Defendant).

4. On 20 July 2011, Department of Human Services' Families First Resource Center

Director Petra Kay prohibited Windell Blount from visiting with his young son by

creating a hostile environment and stating disparaging words that were captured on

6

audio tape requested at the Families First Resource Center. Petra Kay committed

perjury in her testimony while under oath in Chancery Court. (See **Exhibit "G"**,

attached verified letter from Petra Kay). This caused an unfavorable outcome and

undue stress concerning Windell Blount. This is a direct violation of the First and

the Fourteenth Amendment. This slander and defamation of character has

consequently affected Mr. Blount current visitation status concerning his son.

5. On October 11, 2012, on behalf of the Mississippi Department of Human Services,

Judge Faye Peterson allegedly committed fraud by hearing Windell Blount case and

directing him to pay Child Support. The appointed Family Master, Ms. Peterson was

fully aware of the fact that Mr. Blount was a Certified Police Officer with Canton

Reserve Unit, getting no pay and was a full time college student and Judge Faye

Peterson is not an elected Chancery Judge. Judge William Singletary signed off on

the order but he was not present during the hearing.  Faye Peterson, appointed

Family Master, denied Mr. Blount visitation but in the same Court rendering

visitation for other non custodial male parents that had equal or even more issues

with custodial parents than Mr. Blount.  The Family Master actions has lead to

severe emotional scarring of his minor son, additionally, causing undue stress to

him as a Father and has continued to prevent a positive upstanding role model from

raising his young son.  This is in violation of the Fourth, Fifth, Fourteenth, and

Sixteenth Amendment of the Constitution, et.al.

6. On January 15, 2013, the Mississippi Department of Human Services sent a

threatening letter and made threatening calls stating that Mr. Blount's Driving

License will be suspended or surrendered on 4/15/2013 (Walley Naylor).  The

threatening letters has caused Windell Blount fear of arrest. **Exhibit "H"** (Copy of **Exhibit "H"** is in the hands of the defendant.)

7. In November 2012, the Mississippi Department of Human Services sent a Letter to Windell Blount mandating a five-dollar fee in addition to his Child Support Payment which is a violation**. "I"** (Copy of **Exhibit "I"** is in the hands of the defendant.) This is a violation of the Fourth, Fifth, Fourteenth, and Sixteenth Amendment.

8. The Access and Visitation Division has failed consistently to assist Windell Blount with his Visitation Rights. (**Exhibit "J"** is in the hands of the Defendant) This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

9. Lind Slaughter, Regional Director on April 26, 2012 was made aware of the activities of Walley R. Naylor, Director from the apology letter. She did nothing to report the harassment and fraud to her superiors, thus causing the harassing phone calls to continue and threats of bodily harm to continue that placed the client, Windell C. Blount in danger and fear of his life. **Exhibit "K".** This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

10. The Director of the Division of Field Operations, Walley Naylor, is allegedly a Convicted Felon and is allegedly still on Probation. Therefore, he should not have served in a role where he would have unrestrained access to any monies including Federal Funds. **See Exhibit "L",** (1) State Statue say's it is unlawful for a convicted felon to handle money. (2) Mr. Naylor allegedly transitioned from a position at the State Parole Board then to a state agency to avoid being properly vetted through criminal background check (NCIC) and (3) Mr. Naylor allegedly changed his first

8

name from Wally to Walley to avoid being detected because he allegedly was never fully pardoned but given just a release by former Governor Kirk Fordice who is now deceased and allegedly no licensed Attorney has ever expunged Mr. Naylor's criminal record because his inmate information is still posted without a photo picture to allegedly conceal his identity at CMCF and that once upon a time Mr. Naylor was housed there. This is in violation of the First, Fourth, Fifty, Fourteenth, and Sixteenth Amendment of the Constitution, et.al.

11. Walley R. Naylor, as Director of the Division of Child Support Enforcement, mailed a correspondence letter of apology to Windell C. Blount dated April 26, 2012, acknowledging that the agency had violated Mr. Blount rights. **(Reference Exhibit "K")** This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

12. Mississippi Department of Human Services on September 15, 2013 allegedly utilized Jackson Police Officer and Hinds County Chancery Court Services, Lt. O. J. Paige in assisting to serve a summons and warrant by using fear of arrest and bodily harm to coerce both plaintiffs Windell C. Blount and James Evans, Sr. to pay child support, when they knew or should have known that Lt. O. J. Paige was reprimanded for harassment in the past. **(Exhibits "M"** (1) Affidavit and (2) Disciplinary Action Letter)

13. In October 2012, Windell Blount met twice with Department of Human Services' Ruth Ann Williams and Miss Ledford and was promised visitation with his minor son. The Federally Funded Program that Ruth Ann Williams managed, along with Walley Naylor, discriminated against him and denied him visitation due to the

Federal Complaint that he had filed against the then Director of Child Support Services through the Federal Bureau of Investigation's Jackson Office. (**Exhibit "N"** is in the hands of the Defendant). This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

14. In November 2012, the Mississippi Department of Human Services sent a letter to Christopher E. Kelly-Patton mandating a five-dollar Administrative Fee in addition to his Child Support Payment which is a violation. **"Exhibit "O".** This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

15. On December 13th, 2012, Christopher E. Kelly-Patton sent check number 1590 through the United States Postal Service and it was stamped as being received on December 19th, 2012, it was not credited to his account until December 26th, 2012. (**Exhibit "P"** is in the hands of the Defendant). This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

16. On December 24th, 2012, Christopher E. Kelly-Patton sent a United States Postal Services Money Order through the United States Postal Service and his account was not credited until January 8th, 2013.*There was a derogatory entry into his Credit File on 1 January 2013 reporting a 71.00 arrearage. A derogatory entry causes one credit score to drop.* (Copy of **Exhibit "Q"** is in the hands of the plaintiff.)

17. On December 19th, 2012, Judy Price sent to Christopher E. Kelly-Patton an Affidavit of Accounting that she knew was incorrect. When asked why she sent an incorrect Affidavit of Accounting, she would only say, "I had to send it." **Exhibit "R"** This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

18. According to the PEER Committee's Report 2009 done on the Child Support Enforcement Division, Affidavits of Accounting are supposed to send to Non-Custodial Parents at the end of the month. **Exhibit "S" 1 and 2.** This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

19.  In November 2012, Christopher E. Kelly-Patton has sent to his ex-wife, Ruby Simmons, a check 1581 for $200.00 per their internal agreement. **Exhibit "T"**

20.  Ruby Simmons was aware that she was not supposed to receive any money from Christopher E. Kelly.

21. Ruby Simmons did not report to Judy Price, her Case Worker, that she had received funds from Christopher E Kelly Patton.

22.  The Department of Human Services shows bias and inequities as it relates to Custodial verses Non-custodial Parents.  There are no penalties for fraudulent Custodial Parents. However, there are drastic and life-altering circumstances for Non-custodial parents who may have just fallen on hard times.  This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

23.  Christopher E. Kelly-Patton received a letter from the Child Support Office on January 11, 2013, stating that the amount that is owed for back pay will be reported to the Credit Bureaus if the amount is not contested within fifteen days.

a. The letter was dated January 1, 2013, which was a holiday.

b. The letter was postmarked January 10, 2013.

c. The letter could not have been received until, at the earliest, January 11, 2013.

          d. A derogatory account was listed on Christopher E. Kelly-Patton's credit file

            on January 1, 2013, with a past due balance of $71.00.

This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments

et.als.

24. Christopher E. Kelly-Patton was due an adjustment of a 200.00 credit that

should have been accounted for prior to January 1, 2013.

25. Ruby Simmons applied for Public Assistance in 2012 and committed fraud

because she did not include her adult son's income. This is a matter of records with

Department of Human Services. This is a violation of the First, Fourth, Fifth,

Fourteenth, and Sixteenth Amendments et.als.

26. Christopher E. Kelly-Patton reported this to the Mississippi Department of

Human Services Abuse Hot Line. He left his number and no one has ever called him

back. This is a violation of the Federal Consumer Protection Laws and the First,

Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

27. If a Non-Custodial Parent calls the help line and asks to speak to the employee

that has been sending the threatening letters and inaccurate Affidavits of

Accounting, he/she is denied. This is a violation of Due Process of Law and the First,

Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

28. If a Non-Custodial Parent calls the help line and asks the basis for his check

being garnished, the only answer that is given, "it is a Federal Law." This is a

violation of Due Process of Law and the First, Fourth, Fifth, Fourteenth, and

Sixteenth Amendments et.als.

29. When Christopher E. Kelly-Patton attempted to discuss the garnishing of his paycheck, Judy Price said that it was a Federal Law. When he told her that he was going to resist that option, she said, "You may call customer service and ask for my supervisor and take up that issue with her." Judy Price was aware that her supervisor was off on some type of leave and was not in that day nor would she be in the next day.  This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

30.  The Department of Human Services has suspended James Evans Driver License without just cause and this is a direct violation of the First Amendment and the Fourteenth Amendment which has caused him a hardship in case of emergencies and have disruptive his ability to find a job with limited public transportation available so that he can pay child support.  The Agency is placing undue stress on Mr. Evans.

31. The Department of Human Services has committed fraud by never serving James M. Evans a Notice of Summons through Notice of Service and the Agency's actions have allegedly increased Mr. Evans arrears to arrest him.  (**Exhibit "U"** is in the hands of the Defendant).  This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

32. Wanda Kilgore's Driving License has been suspended for no good cause and has made it extremely difficult for her to make it to work, creating a hardship.  (**Exhibit "V"** is in the hands of the Defendant).  This is a violation of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments et.als.

33. Wanda Kilgore was wrongfully incarcerated in 2004 and 2009 for nonpayment of Child Support. **Exhibit "W"**

## RELIEF

Plaintiffs pray that they will be awarded a Judgment against Mississippi Department of Human Services in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Richard Berry in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Linda Slaughter in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Walley Naylor in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus

defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Ruth Ann Williams in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Nelene Ledford in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Petra Kay in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Faye Peterson in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Sequoia Eubanks in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Andreal Harper in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Vernassia Harbin in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Plaintiffs pray that they will be awarded a Judgment against Defendant Judy Price in an amount not less than $50,000.00; punitive damages for Defendant's willful, outrageous, and malicious conduct of $50,000.00; plus defendant will bear the costs of the suit and attorney fees; nominal damages, and such other and further relief as the Court may deem proper.

Respectfully submitted, this the 18th day of April2014.

M. Windell C. Blount  April 18, 2014    Wanda Kilgore 4-18-1

Christoph E. Kelly-Patton 18 April 2014

James M Evans 18 Apr 2014

**NAME, ADDRESS, AND PHONE NUMBER OF PLAINTIFFS**

Windell Blount                    *Windell C. Blount   April 18, 2014*
112 Ashbrooke Blvd
Madison, MS  39110
202.375.4254

Christopher E. Kelly-Patton   *Christoph E. Kelly-Patton, 18 April 2014*
103 Sis Circle
Hattiesburg, MS  39402
601.270.1255

James M. Evans, Sr.               *James M Evans 18 April 2014*
P. O. Box 66
Tougaloo, MS

Wanda Kilgore                     *Wanda Kilgore 4-18-2014*
452 E. Academy St.
Canton, MS  39046


SWORN TO AND SUBSCRIBED BEFORE ME, this the _18th_ day of _April_, 2014.

NOTARY PUBLIC

My Commission Expires:

_July 16, 2017_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 49723
CHERRI A. HAYES
Commission Expires
July 16, 2017
HINDS COUNTY

17

Jackson father contacts FBI over child support case

One Jackson father says the Department of Human Services acted illegally when it tried to threaten him into paying thousands of dollars in child support he didn't owe.

Shortly after Windell Blount made a complaint about his situation to the FBI, the Division of Child Support Enforcement was restructured, shuffling the division director, Walley Naylor, to a different position within DHS.

What concerned Blount the most, he said, was an attitude he perceived from DHS that this kind of thing happens regularly, and one that a local lawyer said wasn't too surprising, given how underpaid and overworked DHS is.

"If a private lawyer took on that kind of a case load, it would be malpractice," said John R. Reeves, a local lawyer who at one time represented Blount's ex-wife.

"The system itself is set up to fail and it's fraught with problems, and that's a known fact throughout the legal community in Mississippi and the judicial community," Reeves said. "It's just a known fact."

A request to Naylor for comment was answered by Cathy Sykes, who spoke on behalf of DHS. Sykes said, "(The parent) shouldn't have any delinquencies without a court order."

Blount, who divorced his wife in 2009, said if he had not been a full-time student studying prelaw at Tougaloo College and a certified police officer, he might not have recognized the improper manner in which DHS was issuing arrears without a court order to back it up.

Documents obtained by The Clarion-Ledger show Blount previously had been paying $490 a month in child support from his Social Security disability benefits, but when those benefits ceased, the chancery judge signed an order April 27, 2010, declaring he was not in contempt for owing child support.


Exhibit "A"

Jackson father contacts FBI over child support case

A court date was rescheduled for July of that year to set a new amount, but Blount said his wife's attorney was not prepared, and the issue was never resolved.

Blount began receiving letters and numerous phone calls in January of this year saying he owed back pay for child support, to which he responded by contacting DHS and asking them why he received the letters.

One letter from Hinds County DHS dated Jan. 15, said Blount owed $980 to DHS and indicated his driver's license would be suspended if he did not pay the full amount or reach a repayment schedule agreement with DHS by April 14.

The second letter, dated Feb. 2, said he owed $490 in past due support, warning the amount would be reported to credit bureaus unless it was paid in 15 days.

A third letter from DHS to Blount dated Feb. 11 said if the money owed wasn't paid, consumer reporting agencies, the secretary of state and the State Tax Commission would be alerted.

Blount said after attempts to communicate with DHS by letter were unanswered, he spoke on April 6 with Naylor, who he said informed him that DHS needed no authorization from the court to send anything to him.

"I said, 'Sir, this is totally wrong. Show me the order,' " Blount said. "And the order was the same one … that said I was not in contempt," Blount said.

Sykes said the letters may have been generated automatically.

"A lot of the letters are automatic," Sykes said. "Letters go out if (noncustodial parents) are delinquent and that type of thing."

Sykes said she had no idea how often automatic letters are mailed.

"We have over 205,792 cases for the state," she explained.

Jackson father contacts FBI over child support case

Blount said he contacted the FBI on April 17 after hearing nothing back following conversations with DHS attorney Scott Weatherly and Naylor.

On April 26, Naylor sent Blount a letter in which Naylor apologized for the inconvenience and informed him his case would be transferred to Yazoo County Child Support Office and would close in May.

Blount said his case was never transferred to Yazoo County.

Sykes, reading a statement from Naylor on the matter, said Naylor didn't have any explanation for the letter he signed indicating the case would be transferred to Yazoo County.

"Normally those (letters) are typed by someone, and (Naylor) probably signed it and didn't realize it was an error," Sykes said.

Sykes said effective in October; the Child Support Enforcing Agency was rearranged to streamline services.

Blount said he knew his rights, but he is concerned for those who are uneducated about the law since they can become easy targets for what he sees as deception and possibly even fraud.

Written by Emily Lane | Clarion Ledger

MARION COUNTY DHS
CHILD SUPPORT ENFORCEMENT
511 SOUTH MAIN STREET
COLUMBIA, MS  39429

Case Number: 617804042A
Worker: JUDY PRICE
(877) 882-4916
Date:  12/28/2012

Re:  CHRIS KELLY
SSN:  426170505
Cause No.:  97-0509-TH

DISMAS CHARITIES
5209 HWY 42 BYPASS
ATTN   RANDALL WILLIAMS
HATTIESBURG, MS   39401

Within the past ten days an order for income withholding and health
insurance on the above named employee/obligor was mailed to you. Fourteen
(14) days following receipt of the order, you are to deduct the designated
amount(s) beginning with the next payment of income made to the obligor.
Also, withhold and send a fee of $5.00 monthly to defray administrative
costs. Within seven days of withholding, send the withheld amount(s) to:

                    Mississippi Department of Human Services
                    Central Receipting and Disbursement Unit
                              P.O. Box 4301
                          Jackson, MS 39296-4301

If an employer, in response to an Internal Revenue Service (IRS) levy, is
withholding sums for delinquent Federal income taxes owed by the obligor,
and the obligor also owes child support under an order THAT WAS ENTERED
PRIOR TO THE DATE OF LEVY, the IRS exempts from levy the amount of wages
necessary to comply with the child support order.

All correspondence other than the payment and payment transmittal should be
directed to the MARION COUNTY return address on this letter.

Please answer the questions in the next paragraph and return a copy of this
letter to us for our records. Thank you for your cooperation in this most
important matter.

Employer FEIN: _____
Do you offer group health insurance? _____ Yes _____ No
Dependent coverage costs $ _____ per month.
If you offer group health insurance, does the employee/obligor have group
health insurance through your company? _____Yes _____ No
If the employee/obligor has group health insurance, please send us the
insurance provider's:
Name _____    Phone Number (____)____-_____
Address _____

Also, please provide the following information. Full name(s) of the Insured:
_____

Policy Number _____    Group Number _____
Policy begin/end date(s) _____
A413

Exhibit B, O

IN THE CHANCERY COURT OF JEFFERSON DAVIS COUNTY, MISSISSIPPI

DEPARTMENT OF HUMAN SERVICES                                          PLAINTIFF

VS.                                                                  NO. 98-0213

*Wanda Jacobs*
SSA# 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                                                      DEFENDANT

### ORDER OF INCARCERATION

This civil matter having come on for hearing before the Court on Review of child support as ordered by the contempt judgment entered on ___8-20-03___, and the Defendant, being called three times and not answering, the Court does hereby FIND, ORDER AND ADJUDGE as follows:

1) that the Defendant has previously been found to be in wilfull contempt of this Court for failure to pay child support as ordered;

2) that, as a condition of his purging himself of contempt, the Defendant was ordered to reappear before this Court in person on this date and did not do so;

3) that the Defendant is not purging himself of contempt by paying the amount of support ordered by this Court to be paid for current and/or arrearage support payments.

The sheriff is hereby ordered to arrest the Defendant and hold him in the County jail until such time as he has purged himself of contempt by paying the entire amount of child support arrearage due and owing or until further order of this Court.

SO ORDERED AND ADJUDGED on this the ___3rd___ day of ___Feb___, 200_7_.

_____
CHANCERY JUDGE

**Exhibit "E, w"**

P1

 **Northtown Child Development Center**

July 19, 2011

To Whom It May Concern

I Petra Kay have contacted Todd Coker, the attorney of Natalie Bell, on several occasions. I have asked Mr. Coker for the contact information for Mrs. Bell.  Attorney Coker told me on several occasions that he will give me a call back and he never did. I did not receive the contact information until Thursday July 14,2011. Mrs. Bell missed two visitations and therefore is not complying with the court ordered documents. Mr. Blount is always available whenever visitations are scheduled. If you have any questions please contact Petra Kay @ 601.978.1999.

Thank You

Petra Kay

Exhibit "G"

21 Northtown Dr., Jackson Mississippi 39211, e-mail pwkay@bellsouth.net
phone 601-978-1999        fax 601-978-3110

Northtown Family First Resource Center
21 Northtown Dr.
Jackson, MS 39211

7/29/2011

Ms. Bell missed visitation on Friday 7/1, and 7/15. Nathaniel was available for visitation on 7/22 as make up for 7/15 per Mrs. Kay's request. Mr. Blount visited with Nathaniel on 7/29/11. August visitation will be 8/5, 8/12 as make up date for 7/1, and 8/19.

Petra Kay
Ex.Director

(42008-917)



**STATE OF MISSISSIPPI**
Phil Bryant, Governor
**DEPARTMENT OF HUMAN SERVICES**
Richard A. Berry
Executive Director

FILED

SEP 1 8 2012

EDDIE JEAN CARR, CHANCERY CLERK

BY_____ D.C.

April 26, 2012

Mr. Windell C. Blount
112 Ashbrooke Blvd.
Madison, MS  39110-7774

Dear Mr. Blount:

This is in response to your correspondence regarding your child support case.  Our agency works diligently to provide all citizens with an honest and intensive effort to resolve issues.  We want to assure you that you will be provided assistance in accordance to all federal and state statutes. After a thorough review, the following information was determined:

> Your case has been submitted to the Yazoo County Child Support Office and will close effective May 1, 2012.

Again, we apologize for any inconvenience this may have caused you.  Please be assured that our goal is to improve the quality of life for children and families in need of services we administer.  If further assistance is required, you may contact me (601) 359-4861.

Sincerely,

Walley R. Naylor, Director
Division of Child Support Enforcement

WRN:skh

pc:  Linda Slaughter, Regional Director

Exhibit  K

# Mississippi Department of Corrections
## Inmate Time Sheet

**Offender:** NAYLOR, WALLY R 60995

**Computation Date:** 12/07/2003 00:00

**Housing:** - No Housing -

**Date Printed:** [illegible]

## Sentences:

| DATE | CAUSE/COUNT  OFFENSE | COMMITTED | COUNTY | SERVE | HOUSE | PROBATION HAB | DEFERRED | OVERRIDE | CONCURRENT | CONSECUTIVE |
|------|----------------------|-----------|--------|-------|-------|---------------|----------|----------|------------|-------------|
| 06/18/73 | DATACONV- 1298:ROBBERY | | Forrest | 30Y | | N | | | | |
| 1/1 | | | | | | | | | | |

☒  First Time Offender

## Pre Trial/Pre Sentence Jail Time:

FROM          TO          DAYS

Total Jail Time: 0          Override: 0

## Computation Details:

| DATE | DESCRIPTION |
|------|-------------|
| 06/18/73 | DATACONV-1/1 1298:ROBBERY 30Y |

## Summary:

| Begin Date | House Arrest Date | Parole Date | ERS Date | Tentative Discharge | Max Discharge | End Date |
|------------|-------------------|-------------|----------|---------------------|---------------|----------|
| 03/26/1973 | | | | | | |

Total Term To Serve: 30Y          Total Earned Time: 0D          Earned Time Lost: 0D          Total MET Earned: 0D          Total Trusty Time Earned:

## Comments:

Exhibit L

Offendertrak [OTMAIN.mdoc.state.ms.us] - NAYLOR, WALLY R

e   Edit   Person   Booking   Movement   Reports   Miscellaneous   Workflow   Administration   Log   Window   Help

erson Summary

| Name: Primary | DOB | Inmate ID | SSN | Sex | Race |
|---|---|---|---|---|---|
| NAYLOR, WALLY R | 12/31/1953 | 608995 | 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 | MALE | BLACK |

| lousing Location | VNR-Security Class: | Hearing Date | Court/Judge |
|---|---|---|---|
| | N  UNCLASSIFIED | | |

| Status | Custody Status: | | Custody Status Reason |
|---|---|---|---|
| Expiration of Sentence: | Parole | | |

| Booking Date | Booking # | Booking State | Sentence State | Expected Release | Alerts |
|---|---|---|---|---|---|

Quick Find

Photo

Photo not
Available

Reset size





JACKSON POLICE DEPARTMENT
INTERNAL AFFAIRS DIVISION
CITIZEN COMPLAINT & INJURY FORM

PLEASE PRINT

Name: Windell C. Blount          Age: 38   Race: African American

Address: 112 Ashbrooke Blvd          Date of Birth: 11/07/1974

City: Madison          State: MS          Zip Code: 39110

Phone: [H] 601-853-3279 [W] _____          Cell: 202-375-4254

Social Security #: 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          Gender: [✓] M   [ ] F

Driver's License #: 800767281          Issuing State: Mississippi

Today's Date: 9/16/2013   Date of Alleged Incident: 9/15/2013

Time now: _____          Time of Alleged Incident: 3:53 p.m.

Location of Alleged Incident: Home - 112 Ashbrooke Blvd. Madison,
Mississippi 39110

Officer[s] Involved or Description: O. J. Paige, Lt. Jackson Police Dept,
Dept of Human Services Processor

Nature of the Complaint: Did Willfully and Unlawfully Put Affiant
In Fear of Imminent Bodily Harm by calling Affiant
on His cell Phone and Threatening to Cause Bodily Harm to
I, Windell C. Blount do hereby swear, or affirm, that the factual allegation[s]        Affiant
made by me above in this Citizen's Complaint are, to the best of my knowledge and belief, true
and correct, and based upon fact. I agree to submit to a polygraph examination if requested, and I
understand that filing a false complaint may subject me to an arrest for filing a false report.

Signed: Windell C. Blount

Subscribed and sworn to before me
This 17th Day of September 20 13

_____ Notary Public
County of Madison
State of Mississippi
My Commission expires: May 26, 2014

[Notary Seal:]
STATE OF MISSISSIPPI
SHEILA C THOMAS
NOTARY PUBLIC
ID No. 53531
Commission Expires
May 26, 2014
MADISON COUNTY

Page _____ of _____

Exhibit "M"

IAD CASE # _____          Page ____ of ____

On Sept 15, 2013, At 3.53 p.m. I
Windell C. Blount, Spokesperson For
Mr. James M. Evans Sr. had Received
Harrassing phone Calls From A Lt. O.J.
Paige of the Jackson Police Dept. Cell
Phone # 601-497-3803, Lt. O.J. Paige
stated that He works For D.H.S. Attorney
James Bell Located At 4777 Medgar
Evers Blvd. Lt. O.J. Paige stated that
D.H.S. is going to send the U.S. Marshells
to deal with me and that He can Cause
bodly Harm to me At that I, Windell
Blount explained that am in Fear For my
Life and that I, would protect myself
From anyone going to kill me during
the Conversation I stated that I am
going to contact the Law Enforcement
to File a complaint concerning the Threat's

Signature: Mr. Windell C. Blount

CITIZEN'S COMPLAINT
[Continued]

Use additional Paper as needed

Signed: Mr. Windell C. Blou~

DO NOT WRITE BELOW THIS LINE

This space for use only by the Jackson Police Department Internal Affairs Division

IAD Case# Assigned: _____          Date Assigned: _____

Date of Contact: 9 | 16 | 13                  Time: 3:05 pm

Date Complaint Returned: 9/17/13              Time: 11:15 am

IAD Investigator Assigned to case: Henderson

Page _____ of _____

Jackson Police Department



327 East Pascagoula Street
Post Office Box 17
Jackson, Mississippi 39205-0017

February 13, 2014

Windell C. Blount
112 Ashbrooke Blvd.
Madison, MS 39110

RE:        Complaint against Corporal OJ Paige.
Allegation:   Conduct Unbecoming an Officer
IAD Case #:   346 - 2013

Dear Mr. Blount:

This letter is to advise you of the results of an Internal Affairs investigation into your complaint of
Conduct Unbecoming an Officer

We have conducted an investigation and the results have been examined and reviewed. Your
allegation can not be substantiated and has therefore been classified as **Not Sustained:** Insufficient
evidence to prove the allegation.

However, during the course of investigating this matter, Corporal Paige was found to have violated
other departmental policies and the appropriate disciplinary action was taken.

Sincerely,

Lindsey Horton
Chief of Police

LH/rr

```
                    AFFIDAVIT OF ACCOUNTING
                     OBLIGOR: KELLY CHRIS
          CAUSE: CH-10-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-TH    CASE: 617804042
```

| | CURRENT OBLIGATION AMOUNT | ARREARS/ FEES OBLIG AMOUNT | AMOUNT PAID | INT. RATE | ACCUMULATED ARREARAGE AMOUNT | INTEREST FOR MONTH |
|---|---|---|---|---|---|---|
| **YEAR: 2012** | | | | | | |
| OCTOBER | 450.00 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOVEMBER | 450.00 | 80.00 | 0.00 | 0.00 | 1416.00 | 0.00 |
| DECEMBER | 450.00 | 80.00 | 455.00 | 0.00 | 1861.00 | 0.00 |
| YEAR TOTS: | 1350.00 | | 455.00 | | | 0.00 |

```
   AMOUNT OF ARREARAGE PRIOR TO THIS PERIOD:        0.00
   TOTAL CURRENT SUPPORT OBLIGATION AMOUNT:      1350.00
                       ACCRUED INTEREST:            0.00
                                              --------------

           TOTAL AMOUNT OWED BY DEFENDANT:      1350.00
           TOTAL AMOUNT PAID BY DEFENDANT:       455.00
   CURRENT OBLIGATION/ARREARAGE ADJUSTMENTS:      966.00
                                              --------------

   ACCUMULATED ARREARAGE PLUS INTEREST:        1861.00   AS OF: 12/18/12
```

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 18 DAY OF Dec, 2012

NOTARY PUBLIC              MY COMMISSION EXPIRES:

Exhibit "R"

information and timely accurate update of changes, input errors are likely to continue.

## Noncustodial Parents' Account Information

*The Division of Child Support Enforcement does not make account information readily available to all noncustodial parents. Noncustodial parents who make payments through income withholding do not receive monthly invoices and must specifically request information on their accounts in order to determine account status or detect errors. Also, any noncustodial parent who wants a statement of accounting (which contains additional information on the account that is not found on the monthly invoice, such as arrearage and fee information) must specifically request such and the format of this statement is not easily understandable.*

Currently, DHS sends monthly invoices, which provide information regarding payments due, payments received, and any balance due, to noncustodial parents who make payments directly to DCSE. However, DHS does not send monthly invoices to noncustodial parents who make monthly child support payments through income withholding. Although any noncustodial parent may request and receive a statement of accounting, which contains payment, arrearage, and fee information, the format of this statement is not easily understandable (see page 38). As a result, noncustodial parents making payments through the income withholding method do not have an opportunity to review payment information regularly to ensure they are receiving credit for payments withheld from their compensation and all noncustodial parents are at a disadvantage to understand how their payments are applied toward their child support payment obligations.

### Monthly Invoices

*DHS sends (monthly) invoices, which include payments due, payments received, and balance due information, to noncustodial parents who make payments directly to the DCSE.*

Noncustodial parents making payments directly to DCSE receive month invoices, which include payments due, payments received, and balance due information. A noncustodial parent making payments through income withholding cannot receive a monthly invoice, but may request account information and DHS will supply such (see following section on "Statements of Accounting"). However, the noncustodial parent making payments through income withholding must make a separate request for the information each time that individual wishes to review his or her account. By not routinely providing account information to noncustodial parents who make payments through income withholding, DHS decreases the


Exhibit "S"

## Edit Posted Transaction Printable View
Use this screen to edit a posted transaction.

Transaction Information

**Description:** CHECK

**From Account:** Smart Choice Banking - 4007252315
**Amount:** $200.00
**Status:** Cleared

**Category:** Select a Category    ·    (Split)
Or enter a new Category:

**Payee:** Enter a new Payee

☐ Add to payee list

**Memo:**
Note: this Memo value applies with or without a single Category selected on this screen;
any memo(s) set while splitting the transaction among multiple Categories on the Split Categories screen will take precedence.

**Reference Number:** 1581
**Transaction:** Check 1581

**Date Posted:** 11/07/2012

Front and Back of Check



Exhibit "T"