UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT, et al.                                                                    PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:14cv336-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                                    DEFENDANTS
HUMAN SERVICES, et al.

ORDER

This *pro se* case brought under 42 U.S.C. § 1983 is before the Court on Defendant Petra Kay's Motion to Dismiss for Insufficient and[/]or Improper Service of Process [31]. Although Plaintiffs have not demonstrated that they effectively served Kay with process as required under the Federal Rules of Civil Procedure, because the statute of limitations likely bars future litigation, the motion is denied and Plaintiffs will be given the opportunity to properly serve Kay.

I.      Facts and Procedural History

This case generally involves the claims of four individual Plaintiffs that the Mississippi Department of Human Services and a number of its employees violated Plaintiffs' constitutional rights in matters related to child support, child visitation, and child custody. Plaintiffs filed the Complaint on April 21, 2014. The sole allegations against Defendant Petra Kay are as follows:

> On 20 July 2011, Department of Human Services' Families First Resource Center Director Petra Kay prohibited [Plaintiff] Windell Blount from visiting with his young son by creating a hostile environment and stating disparaging words that were captured on audio tape requested at the Families First Resource Center. Petra Kay committed perjury in her testimony while under oath in Chancery Court. (See **Exhibit "G"**, attached verified letter from Petra Kay). This caused an unfavorable outcome and undue stress concerning Windell Blount. This is a direct violation of the First and the Fourteenth Amendment. This slander and defamation of character has consequently affected Mr. Blount['s] current visitation status concerning his son.

Compl. [1] at 6–7.[1]  For Kay's purported wrongdoing, Blount seeks $100,000 in compensatory and punitive damages, as well as costs and attorney's fees.  *Id.* at 15.

After filing the Complaint, Plaintiffs had summonses issued for all Defendants.  Kay's summons was addressed to her as follows:  "Ms. Petra Kay, Families First Resource Center Director, Northtown CDC, 21 Northtown Dr., Jackson, MS 39211."  Summonses [4] at 2.  The summons was returned executed on May 14, 2014.  Summonses [13] at 5–6.  The proof of service form indicates that Fred Hinkle purported to serve Kay on May 5, 2014, by leaving the summons at Kay's "residence or usual place of abode with . . . Rosie Mack Asst Director, a person of suitable age and discretion who resides there."  *Id.* at 6.  Kay filed an Answer [24] and an Amended Answer [27], both of which raised the defense of insufficiency of service of process.  Kay's answers confirm that she was not personally served with a copy of the Summons and Complaint, which instead were "delivered to an employee of Northtown Child Development Center" who "is not authorized to accept process for Kay or on behalf of Northtown Child Development Center."  Am. Answer [27] at 1–2.  Kay thereafter moved to dismiss [31], and

---

[1] The July 19, 2011 letter attached as Exhibit G to the Complaint is on stationery bearing the letterhead of the Northtown Child Development Center at 21 Northtown Drive, Jackson, Mississippi 39211, and states:

> To Whom It May Concern
>
> I Petra Kay have contacted Todd Coker, the attorney of Natalie Bell, on several occasions.  I have asked Mr. Coker for the contact information for Mrs. Bell.  Attorney Coker told me on several occasions that he will give me a call back and he never did.  I did not receive the contact information until Thursday July 14, 2011.  Mrs. Bell missed two visitations and therefore is not complying with the court ordered documents.  Mr. Blount is always available whenever visitations are scheduled.

*Id.* Ex. G.

following the entry of a show-cause order [38], Plaintiffs responded [40].[2] Kay did not file a reply, and the time to do so under local rules has expired.

II.     Analysis

"Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam). As Kay is an individual, rather than a corporate defendant, service upon her is governed by Federal Rule of Civil Procedure 4(e)(2). That rule permits service by:

>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In this case, the proof of service on the summons indicates an attempt to comply with subsection B, while Plaintiffs' response to Kay's motion suggests that service was effected under subsection C. But Plaintiffs have not established that service was proper under either subsection.

Starting with the "dwelling or usual place of abode" method of service, this phrase refers to a defendant's "then present residence." *Earle v. McVeigh*, 91 U.S. 503, 508 (1875). "As a result, service of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1096 (3d ed. 2014); *see Anderson v. Good Shepherd Hosp., Inc.*, No.

---

[2]Kay also filed a joinder in the motion to dismiss filed by the remaining Defendants. Joinder [32]. For the reasons set forth in the order granting that motion to dismiss, to the extent there are any official-capacity claims asserted against Kay, those are dismissed.

2:09CV112TJW, 2011 WL 846091, at *3 (E.D. Tex. Mar. 8, 2011). The summons was addressed to Kay at her place of employment; Kay's answers and motion indicate that the papers were left with a co-worker at her place of employment; and Plaintiffs have neither asserted nor established that the summons was left with Rosie Mack at a location at which both she and Kay resided. Service under subsection B was insufficient.

As to Plaintiffs' theory of agency service, "[t]he agency status by which one is authorized to receive process for another may be express or implied. However, the agency relationship, if one exists, must be for the specific purpose of receiving service of process." *Ill. Cent. Gulf R.R. Co. v. Hampton*, 117 F.R.D. 588, 590–91 (S.D. Miss. 1987). Kay states that Rosie Mack is not "authorized by appointment or by law to receive service of process" on her behalf. Mot. [31] ¶ 4. Plaintiffs offer nothing to refute this assertion and have not met their burden to demonstrate that service on Rosie Mack was effective under subsection C. Plaintiffs failed to properly serve Kay with process.

"Upon making a determination that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or simply quash service of process." *Amous v. Trustmark Nat'l Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). "[D]ismissal without opportunity to cure is appropriate where proper service would be futile." *Adams v. Columbus Lumber Co., LLC*, No. 3:10CV475TSL-MTP, 2011 WL 1899805, at *2 (S.D. Miss. May 19, 2011) (Lee, J.) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2014)). In this case, as in *Adams*, the 120-day period for service of process under Rule 4(m) has expired, so "the opportunity to cure [P]laintiffs'

ineffective [service] has passed." *Id.* As such, dismissal without prejudice would ordinarily be appropriate.

But "where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims [for failure to timely serve process is] reviewed under the same heightened standards used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). In this case, the allegation involving Kay references a July 20, 2011 event. Because Mississippi's three-year statute of limitations applies to Plaintiffs' § 1983 claims, the statute of limitations would likely bar the claims against Kay at this point. *See Edwards v. Jasper Cnty. Youth Court*, 94 F. App'x 224, 224–25 (5th Cir. 2004) (per curiam). As such, the Court should dismiss the claims against Kay only if Plaintiffs have exhibited "a clear record of delay or contumacious conduct" and a "lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)) (internal quotation marks omitted). Additionally, dismissal must be supported by one of the following three aggravating factors: "delay caused by [the] plaintiff himself and not his attorney"; "actual prejudice to the defendant"; or "delay caused by intentional conduct." *Id.* (alteration in original) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam)) (internal quotation marks omitted). Because the Court finds no "clear record of delay or contumacious conduct," dismissal is not appropriate.

Instead, the service of process on Rosie Mack as a purported agent of Kay is hereby quashed. Plaintiffs shall have an additional 30 days within which to properly serve Kay under the Federal Rules of Civil Procedure. Failure to effectuate proper service of process within the

allotted time will result in dismissal of the remaining claims against Kay, absent a showing of good cause.[3]

III.    Conclusion

For the foregoing reasons, Defendant Petra Kay's Motion to Dismiss for Insufficient and[/]or Improper Service of Process [31] is denied, but the service of process on Rosie Mack as an agent of Kay is hereby quashed.  Plaintiffs shall properly serve Kay under the Federal Rules of Civil Procedure within 30 days from the date of this order.  Failure to effectuate proper service of process within the allotted time will result in dismissal of the claims against Kay, absent a showing of good cause.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]In a separate order, the Court dismissed (without prejudice) all official-capacity claims against Kay based on Eleventh Amendment immunity.