UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT, et al. PLAINTIFFS

v. CIVIL ACTION NO. 3:14cv336-DPJ-FKB

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, et al. DEFENDANTS

ORDER

This *pro se* civil-rights case is before the Court on the Motion to Dismiss Based on Eleventh Amendment Immunity [29] filed by Defendants the Mississippi Department of Human Services ("MDHS"), Richard Berry, Linda Slaughter, Walley Naylor, Ruth Ann Williams, Nelene Ledford, Faye Petersen, Sequoia Eubanks, Andreal Harper, Vernassia Harbin, Judy Price, and Petra Kay ("Moving Defendants").[1] As to the individual Defendants, the motion is limited to any claims against them in their official capacities. For the reasons set forth below, the motion is granted.

I. Background

Four *pro se* Plaintiffs have sued Defendants under 42 U.S.C. §§ 1983 and 1985 for allegedly violating their First, Fourth, Fifth, Fourteenth, and Sixteenth Amendment rights. They also assert a claim under "the Federal Consumer protection laws," Compl. [1] ¶ 4, which Defendants construe as a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Defs.' Mem. [30] at 2. Plaintiffs seem to accept—or at least have not disputed—that construction in their Response. *See generally* Pls.' Mem. [34].

[1]Petra Kay joined in the present motion but also filed a motion to dismiss for improper service of process [31]. Her separately filed motion to dismiss will be addressed in another order.

Though each Plaintiff relies on the same federal statutes, they assert distinct factual bases for their collective suit. The common thread is that each encountered MDHS or its employees and claims that the department mishandled the matter. In very general terms, some claims relate to custody and/or visitation rights, others deal with child-support payments and collection, and two deal with the suspension of driving privileges.[2]

II. Standard of Review

Defendants move to dismiss certain claims pursuant to Rule 12(b)(1) based on lack of subject-matter jurisdiction. They also seek dismissal of those same claims under Rule 12(b)(6) because Plaintiffs fail to state a plausible claim. If Defendants are correct that this Court lacks subject-matter jurisdiction, then it is without authority to decide the merits. Accordingly, the 12(b)(1) motion will be addressed first. *See In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010).

"[W]here subject[-]matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

---

[2]This description is based on the original Complaint [1]. But Plaintiffs recently filed an Amended Complaint [41] on December 18, 2014. Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to unilaterally amend a complaint during the first 21 days after service of a responsive pleading or motion under Rule 12(b). After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs' Amended Complaint was filed beyond the 21-day period and without leave or consent. It is therefore stricken. Plaintiffs may move the Court for leave to amend under Rule 15(a)(2).

III. Analysis

Defendants argue that the Eleventh Amendment to the United States Constitution bars Plaintiffs' claims against MDHS and against the individual Defendants in their official capacities. Though the Complaint fails to indicate whether Plaintiffs sued the individual Defendants in their individual or official capacities, Defendants limit their motion to any official-capacity claims Plaintiffs may have intended.

"The Eleventh Amendment grants a state immunity from suit in federal court by . . . its own citizens . . . ." *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002). Immunity also extends to state agencies that are considered "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). MDHS is an arm of the state of Mississippi. *See, e.g.*, *Pollard v. Hinds Cnty. Dep't of Human Servs.*, No. 3:13cv324-DPJ-FKB, 2014 WL 5324384, at *2 (S.D. Miss. Oct. 17, 2014); *Williams v. Berry*, 977 F. Supp. 2d 621, 628 (S.D. Miss. 2013). Finally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Therefore, the Eleventh Amendment also bars federal-court claims against individual state employees acting in their official capacities. *Id.*

Plaintiffs acknowledge the Eleventh Amendment but fail to offer a cognizable legal argument to prevent its application. Instead, they assert—with no legal authority—that the Amendment has been misunderstood and was not intended to offer MDHS "complete and absolute immunity." Pls.' Mem. [34] at 3. Plaintiffs are generally correct that Eleventh Amendment immunity is not absolute, but not for the reasons they state.

To begin with, the Eleventh Amendment does not prevent a citizen from suing the state in state court. *Lapides*, 535 U.S. at 616. Even in federal court, immunity can be evaded in three ways. First, Congress may use its Fourteenth-Amendment enforcement power to abrogate a state's sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Second, a state may voluntarily waive immunity and consent to suit in federal court. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011). Finally, when an individual brings an official-capacity claim against a state official for violating the United States Constitution, federal courts have jurisdiction to enjoin the official from continued violations. *See Ex Parte Young*, 209 U.S. 123, 155–56 (1908). To determine whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011) (internal quotation marks omitted).

Plaintiffs have not suggested that these traditional defenses to Eleventh Amendment immunity apply in this case, and they do not. Working backwards, Plaintiffs' Response does not mention *Ex Parte Young*, though Defendants raised the issue in their initial memorandum. *Compare* Defs.' Mem. [30] at 3, *with* Pls.' Mem. [34] at 1–6. Regardless, the Complaint seeks monetary rather than prospective relief, so the exception does not apply. *See Stewart*, 131 S. Ct. at 1639. As for waiver, the Mississippi Tort Claims Act "preserves all immunities granted by the Eleventh Amendment of the United States Constitution." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (citing Miss. Code Ann. § 11-46-5(4)). Finally, Congress has not abrogated the Eleventh Amendment as to the claims Plaintiffs pursue in this case. *See Hines v.*

*Miss. Dep't. of Corr.*, 239 F.3d 366, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)."); *Sorrell v. Ill. Student Assistance Comm'n*, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004) (holding that Congress did not abrogate Eleventh Amendment immunity for claims under FCRA).

IV. Conclusion

The Court has considered all the parties' arguments. Those not expressly addressed would not have changed the outcome. For the reasons stated above, the Eleventh Amendment bars Plaintiffs' claims in this Court against MDHS and the individual Defendants in their official capacities.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

The Court lacks jurisdiction to hear Plaintiffs' claims against MDHS and any official-capacity claims against the individual Defendants; all such claims are dismissed without prejudice to Plaintiffs' right to pursue those claims in state court;

Plaintiffs' Amended Complaint [41] is stricken;

AND the parties shall contact the chambers of United States Magistrate Judge F. Keith Ball within ten days of the entry of this order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE