UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT, et al.                                                                  PLAINTIFFS

v.                                                             CIVIL ACTION NO. 3:14cv336-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                              DEFENDANTS
HUMAN SERVICES, et al.

ORDER

This *pro se* civil-rights case is before the Court on Plaintiff Windell Blount's Motion for Hearing [50] and Defendant Petra Kay's Motion to Dismiss for Failure to Effectuate Proper Service of Process [55].

I.      Facts and Procedural History

This case generally involves the claims of four individual plaintiffs that a number of employees of the Mississippi Department of Human Services violated Plaintiffs' constitutional rights in matters related to child support, child visitation, and child custody.  Plaintiffs filed the Complaint on April 21, 2014, and the sole allegations against Defendant Petra Kay are asserted by Plaintiff Windell Blount:

> On 20 July 2011, Department of Human Services' Families First Resource Center Director Petra Kay prohibited Windell Blount from visiting with his young son by creating a hostile environment and stating disparaging words that were captured on audio tape requested at the Families First Resource Center.  Petra Kay committed perjury in her testimony while under oath in Chancery Court. (See Exhibit "G", attached verified letter from Petra Kay).  This caused an unfavorable outcome and undue stress concerning Windell Blount.  This is a direct violation of the First and Fourteenth Amendment.  This slander and defamation of character has consequently affected Mr. Blount['s] current visitation status concerning his son.

Compl. [1] ¶ 4.[1]

After filing the Complaint, Plaintiffs had summonses issued for all defendants and attempted to serve Kay at her place of business. Kay moved to dismiss [31] for insufficient service of process. The Court agreed with Kay that she had not been properly served with process, but because the statute of limitations on the claims against Kay had expired, the Court denied the motion to dismiss. Order [42]. The Court gave Plaintiffs an additional 30 days—or until February 4, 2015—within which to properly serve Kay. *Id.* The Court warned Plaintiffs that "[f]ailure to effectuate proper service of process within the allotted time will result in dismissal of the remaining claims against Kay, absent a showing of good cause." *Id.* at 5–6.

The February 4 deadline came and went, and on February 5, 2015, Blount filed a motion for a hearing, asserting that Kay "is dodging Notice of Summons with attached Complaint." Pl.'s Mot. [50] at 1. In another filing, Blount explained: "Blount has tried diligently to serve Summons with attached Complaint on Defendant in her individual and in her capacity as Director at her place of business as well as her residence and the Defendant having knowledge of Plaintiff['s] efforts, has avoided Notice of Service." Doc. [49] at 1. Thereafter, Kay filed her second motion to dismiss, asserting that she "has not actively avoided service of process." Def.'s Mot. [55] ¶ 12. Following the entry of a Show Cause Order [59], Plaintiff Blount filed a non-substantive response [60] to Kay's motion. Kay failed to file a reply, and the time to do so has

---

[1] Blount purported to file an Amended Complaint [45] against Kay. Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to unilaterally amend a complaint during the first 21 days after service of a responsive pleading or a motion under Rule 12(b). After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Amended Complaint was filed beyond the 21-day period and without leave or consent. It is therefore stricken.

now expired.

II.     Analysis

Blount does not dispute that he has failed to properly effect service on Kay. And the time to do so under Federal Rule of Civil Procedure 4(m) and the Court's previous Order [42] has now expired. But Kay has not demonstrated that dismissal is appropriate under *Millan v. USAA General Indemnity Co.*, given that the statute of limitations will bar further litigation of the claim against Kay. 546 F.3d 321, 326 (5th Cir. 2008). Moreover, Rule 4(m) requires the Court to "extend the time for service for an appropriate period" if the plaintiff demonstrates "good cause." The advisory committee notes to the rule explain that "[r]elief may be justified . . . if the defendant is evading service . . . ." Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments; *see Hibernia Nat'l Bank v. Carner*, 758 F. Supp. 382, 386 (M.D. La. 1991). The Court will therefore afford Blount an additional 30 days to perfect service on Kay. In the event that Blount fails to effectuate service of process within the allotted time, upon motion by either party, the Court will set the matter for a hearing to determine whether Kay is attempting to evade service such that Blount can establish continued good cause for failure to serve Kay.

III.    Conclusion

The Court has considered all of the parties' arguments. Those not expressly addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Amended Complaint [45] is stricken, Plaintiff Windell Blount's Motion for Hearing [50] is denied without prejudice, and Defendant Petra Kay's Motion to Dismiss for Failure to Effectuate Proper Service of Process [55] is denied. Blount shall have an additional 30 days to perfect service on Kay. In the event that Blount fails to effectuate service of process within the allotted time, upon motion by either

party, the Court will set the matter for a hearing to determine whether Kay is attempting to evade service such that Blount can establish continued good cause for failure to serve Kay. Failure to establish good cause for the continued inability to serve Kay will result in dismissal of the remaining claims against Kay.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE