UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT                                             PLAINTIFF

v.                                      CIVIL ACTION NO. 3:14cv336-DPJ-FKB

PETRA KAY, FAMILIES FIRST RESOURCE
CENTER DIRECTOR                                              DEFENDANT

consolidated with

WINDELL C. BLOUNT, et al.                                    PLAINTIFFS

v.                                      CIVIL ACTION NO. 3:15cv404-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES, et al.                                       DEFENDANTS

ORDER

This pro se civil-rights case is before the Court on Defendants Mississippi Department of

Human Services, Richard Berry, Linda Slaughter, Walley Naylor, Ruth Ann Williams, Nelene

Ledford, Sequoia Eubanks, Andreal Harper, Vernassia Harbin, and Judy Price's ("Defendants")

Motion to Dismiss [5].  For the reasons that follow, the Court finds that the Motion should be

granted.

I.      Facts and Procedural History

In very general terms, the four pro se Plaintiffs in this case, Windell Blount, Christopher

Kelly-Patton, James Evans, and Wanda Kilgore, complain about their treatment by the

Mississippi Department of Human Services ("MDHS") and its employees with respect to child-

custody, visitation, and child-support matters.  The complaint includes twenty-eight counts, each

of which asserts both federal and state-law claims against the thirteen defendants.

This is not Plaintiffs' first suit against these defendants.  On April 21, 2014, Plaintiffs filed civil action no. 3:14-cv-336-DPJ-FKB ("Blount I") involving the same parties and asserting the same federal claims raised in this action.[1]  On January 5, 2015, the Court entered an order in Blount I dismissing all claims against the State and all official-capacity claims against the individual defendants based on Eleventh Amendment immunity.  *See* Jan. 5, 2015 Order [43]. Dismissal was without prejudice to refiling in state court, *id.*, and Plaintiffs later filed the instant case ("Blount II") in the Circuit Court of Hinds County, Mississippi, on April 23, 2015.  In Blount II, Plaintiffs asserted the same federal claims based on the same alleged conduct as presented in Blount I, but they also re-labeled those claims as invoking both federal *and* state law.  Plaintiffs also asserted four new counts, each of which were premised on both federal and state law.  Finally, they added new averments regarding Defendant Ruth Ann Williams and a new defendant in O.J. Paige.

Defendants removed Blount II to this Court on June 3, 2015, *see* Notice of Removal [1], and two days later, the Court entered another order in Blount I dismissing all individual-capacity claims brought against the state employees.  *See* June 5, 2015 Order [65].  After that Order, the only remaining claims in Blount I are those against Defendant Petra Kay, who did not join in either motion to dismiss.  The two cases were then consolidated.

On July 1, 2015, Defendants (other than Kay and Paige) moved to dismiss Blount II under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs filed two non-substantive Responses [10, 11], Defendants replied [14], and Plaintiffs filed an additional memorandum in

---

[1]The Court has described these claims in detail in the Orders issued in the companion case, and these explanations are incorporated herein by reference.

opposition to Defendants' Reply [15]. The Court, having reviewed the parties' submissions and the relevant authorities, is now prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."

*In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

When, as here, a party represents himself, the complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)) (internal quotation marks omitted). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citation and quotation marks omitted).

III.    Analysis

All twenty-eight claims in Blount II are premised on both federal *and* state law, and Defendants' arguments apply generically to each claim. The court will therefore address those issues as they apply to the federal claims before addressing the state-law claims.

    A.    Federal Claims

        1.    Claims Against MDHS and Named Defendants in Their Official Capacities

Defendants offer two primary arguments for dismissal: first, that they are immune from liability in federal court; and second, that they are not "person[s]" subject to liability under 42 U.S.C. § 1983. Because the latter prevails, the Court will not address the former.

Section 1983 provides that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

4

secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 (emphasis added).  It is well established that plaintiffs may not sue a state

under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any

governmental entities that are considered 'arms of the State' for Eleventh Amendment

purposes." *Id.* at 70.  And here, there is no doubt MDHS is an arm of the state of Mississippi.

*See, e.g.*, *Pollard v. Hinds Cnty. Dep't of Human Servs.*, No. 3:13cv324-DPJ-FKB, 2014 WL

5324384, at *2 (S.D. Miss. Oct. 17, 2014); *Williams v. Berry*, 977 F. Supp. 2d 621, 628 (S.D.

Miss. 2013).  Any § 1983 claims against MDHS are dismissed with prejudice.

It is equally well established that "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office." *See,*

*e.g.*, *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  Such suits are thus "no different from a suit

against the state itself." *Will*, 491 U.S. at 71.  Thus, the Supreme Court has held that "neither a

State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*  All

official-capacity claims under § 1983 are therefore dismissed with prejudice.  *See Klingler v.*

*Univ. of S. Miss., USM*, 612 F. App'x 222, 226 (5th Cir. 2015) (dismissing § 1983 suit against a

state university and two state employees in their official capacities).[2]

---

[2]This holding likewise resolves any claims under 42 U.S.C. § 1985.  *See Washington v.*
*La.*, 425 F. App'x 330, 333 (5th Cir. 2011) (affirming dismissal of § 1983 and § 1985 claims
against the state).

2.      Federal Claims Against Named Defendants in Their Individual Capacities

a.      Previously Asserted Individual-Capacity Claims

Defendants contend that this Court's judgment of dismissal with prejudice as to these claims in Blount I is entitled to preclusive weight based on collateral estoppel and/or res judicata.  Defs.' Mem. [6] at 12–13.  Because the Court finds collateral estoppel, or issue preclusion, to be applicable under the circumstances presented, it will not address res judicata, or claim preclusion.      "Preclusion rules deter repetitive and piecemeal litigation by preventing the relitigation of issues that have been finally decided and the assertion of claims covering transactions that have already been disputed in court."  *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999).  Issue preclusion, also known as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation and internal quotation marks omitted).

Under federal collateral-estoppel rules, the doctrine applies only if the following three elements are satisfied:

> (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action.[3]

---

[3]Although the collateral estoppel standard differs under Mississippi law, the Fifth Circuit has held that "in a federal question case relying on a prior federal judgment, the federal rules of collateral estoppel and res judicata apply."  *Reimer v. Smith*, 663 F.2d 1316, 1326 n.10 (5th Cir. 1981) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971)).

*In re Southmark Corp.*, 163 F.3d at 925.  With regard to the second element, an issue is "actually litigated" when it is "properly raised by the pleadings, submitted for a determination, and actually determined."  *Matter of Gober*, 100 F.3d 1195, 1203 (5th Cir. 1996).

Here, it is evident that all three requirements are satisfied with respect to the re-asserted individual-capacity federal claims.  The Blount I and Blount II complaints are premised on exactly the same conduct and state precisely the same individual-capacity federal claims against the named defendants.  In Blount I, Defendants moved for judgment on the pleadings, Plaintiffs responded, and, after considering the issues and authorities, the Court dismissed all federal claims with prejudice, other than Blount's First Amendment claim, which was dismissed without prejudice.  *See* June 5, 2015 Order [64].  Those findings have preclusive effect in Blount II; all previously dismissed federal claims against individual defendants are again dismissed.[4]

> b.  Newly Asserted Federal Claim

Turning, then, to the only new federal claim against an individual Defendant, Plaintiffs allege in Count 28, as follows:

> According to the [a]rticle published in Bloomberg Business Week, written by Laura Tillman, the Mississippi Department of Human Services had years past faced the issue of privatizing the States [sic] Child Support Collection programs in the 1990s during the former Governor Kirk Fordice's Administration. Allegedly, Ruth Ann Williams *was* employed as the Director of the Mississippi Department of Human Services and she was allegedly sanctioned for mismanaging of Child Support Funds.

Compl. [1-2] at ¶ 56 (emphasis added).

---

[4] The Court construed the Blount I Complaint as asserting but failing to properly state a First Amendment retaliation claim.  But because it was not apparent that Blount had alleged his best case, dismissal with prejudice was inappropriate.  *Id.* at 10.  Blount's Complaint in Blount II is no better, so the Court's prior findings with regard to that claim are adopted in their entirety. Blount's First Amendment claim in Blount II is dismissed without prejudice.

These averments fail to state a claim.  To state a cause of action under § 1983, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. School  Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).  Plaintiffs correctly allege that Governor Fordice served in the late 1990s, but they have not offered a sufficient factual basis to show how acts by Defendant Williams during that time period could possibly state a plausible claim for relief regarding injuries that allegedly occurred more than a decade later.  Accordingly, those claims are dismissed with prejudice.[5]

B.      State-Law Claims

In addition to seeking recovery under federal law for the twenty-eight counts in the Blount II Complaint, each count also asserts overlapping state-law claims.  Specifically, Plaintiffs allege that the factual averments in most of their counts constitute "violation of Mississippi State Statu[t]e 43-1-4, (a-e)."  *See generally* Compl. [1-2].  They also claim that Defendants' alleged actions in most counts constitute negligence, fraud, or both.  In response, Defendants seek dismissal of all state-law claims on the grounds that (1) section 43-1-4 does not

---

[5]Dismissal with prejudice is appropriate because the pleading deficiencies appear to be incurable.  Moreover, Williams would likely prevail on the alternative basis of qualified immunity, as Plaintiffs have failed to offer any argument against application of the defense or sufficient facts to demonstrate a constitutional violation.  *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.").  Finally, even assuming Plaintiffs had shown personal involvement in the 1990s causing them injury, the claims would still be time barred.

create a private right of action; (2) the claims are barred by the Mississippi Tort Claims Act

("MTCA"); and (3) the claims generally fail to state a claim.

        1.      Right of Action Under Section 43-1-4

      Section 43-1-4 of the Mississippi Code provides that MDHS shall have various powers

and duties, including:

> (a) To provide basic services and assistance statewide to needy and disadvantaged individuals and families.
>
> (b) To promote integration of the many services and programs within its jurisdiction at the client level thus improving the efficiency and effectiveness of service delivery and providing easier access to clients.
>
> (c) To develop a statewide comprehensive service delivery plan in coordination with the Board of Health, the Board of Mental Health, and the Department of Finance and Administration. Such plan shall be developed and presented to the Governor by January 1, 1990.
>
> (d) To employ personnel and expend funds appropriated to the department to carry out the duties and responsibilities assigned to the department by law.
>
> (e) To fingerprint and perform a criminal history record check on every employee or volunteer (i) who has direct access to clients of the department who are children or vulnerable adults, or (ii) who is in a position of fiduciary responsibility.  Every such employee and volunteer shall provide a valid current social security number and or driver's license number which shall be furnished to conduct the criminal history record check.  If no disqualifying record is identified at the state level, fingerprints shall be forwarded to the Federal Bureau of Investigation for a national criminal history record check.

Miss. Code Ann. § 43-1-4.

      Defendants argue that this statute does not confer a private right of action or otherwise

create liability for MDHS under state or federal law.  Defs.' Mem. [6] at 16.  It is, of course, true

that "a mere violation of a statute or regulation will not support a claim where no private cause

of action exists."  *Tunica Cty. v. Gray*, 13 So. 3d 826, 829 (Miss. 2009).  Furthermore, "[t]he

general rule for the existence of a private right of action under a statute is that the party claiming the right of action must establish a legislative intent, express or implied, to impose liability for violations of that statute." *Doe v. State ex rel. Miss. Dept. of Corr.*, 859 So. 2d 350, 355 (Miss. 2003).

Courts interpreting Mississippi law have previously found no private right of action for violations of state statutes and regulations. *Id.* (citing *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658, 665–66 (Miss. 2002) (finding violation of State Board of Pharmacy's internal regulations did not create a separate cause of action); *Allyn v. Wortman*, 725 So. 2d 94, 102 (Miss. 1998) (finding Miss. Code Ann. § 75-71-501, which prohibits fraud or deceit in connection with the offer, sale, or purchase of securities did not create private right of action)).

Nothing on the face of § 43-1-4 creates an express private right of action, as none of the subsections authorize private individuals to enforce the powers and duties specified. Moreover, Plaintiffs have not met their burden of demonstrating any express or implied intent to create such a right. *See Doe*, 859 So. 2d at 355. Accordingly, the state-law claims are dismissed with prejudice to the extent they rely upon section 43-1-4.

2.    Negligence

The Blount II Complaint also labels Counts 1–4, 8–18, and 20–28 as alleging "general negligence" against the moving Defendants.[6]  Under MTCA section 11-46-11(1), "any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity."  This notice provision applies to

---

[6]Count 5 relates to non-moving Defendant Petra Kay.

claims against MDHS, claims against individuals in their official capacities, and claims against individuals when acting within the course and scope of employment. *See generally McGehee v. DePoyster*, 708 So. 2d 77, 80 (Miss. 1998). Here, the individual-capacity negligence claims all appear to relate to acts or omissions within the course and scope of employment, so notice was a condition precedent to filing the negligence claims against the moving Defendants.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). But nothing on the face of the Complaint suggests compliance with section 11-46-11(1), and Plaintiffs fail to substantively address this argument in their responses. The negligence claims against all moving Defendants are therefore dismissed with prejudice.

Alternatively, many of the negligence claims are also time barred. Section 11-46-11(3) requires suit within one year for all claims brought under the MTCA. Plaintiffs' negligence claims in Counts 1, 2, 4–7, 9, 11–18, 24–25, and 28 are premised on events with a date certain that falls outside that window. These counts therefore fail to state a claim and are dismissed with prejudice for this additional reason. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (holding dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is [time] barred and the pleadings fail to raise some basis for tolling or the like").[7]

---

[7]Count 27 mentions a date within the window, and the other negligence Counts—3, 8, 10, 19–23, and 26—do not reference any dates. Regardless, no notice was provided as to these claims.

3.      Fraud

Finally, Plaintiffs allege fraud in Counts 6, 7, 11, 18, 19, 21–23, and 25–28 against the moving Defendants.  Counts 7, 18, 19, 21–23, and 25–27 assert that MDHS—through unnamed employees—committed fraud, while Counts 6, 11, and 28 state that one of the individual Defendants committed fraud.

Starting with MDHS, "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud." Miss. Code Ann. § 11-46-5(2).  Accordingly, to the extent any fraud claims are intended against MDHS, those claims are barred by sovereign immunity and must be dismissed with prejudice. *Id.*

There are, however, three fraud Counts that mention an individual defendant by name—Counts 6, 11, and 28.  While individual state employees are generally immune from suit under section 11-46-5(1), they lose that immunity when their "conduct constituted fraud . . . ." Miss. Code Ann. § 11-46-5(2).  Accordingly, the Court must take a closer look at those three counts.

In Count 6, Plaintiffs aver that Defendant Faye Peterson committed fraud while acting as an appointed "Family Master."  *See* Compl. [1-2] ¶ 24.  In essence, they take issue with the way she handled their case.  In Blount I, the Court dismissed all claims against this defendant based on derivative judicial immunity.  *See* Blount I, June 5, 2015 Order [64] at 8.  The same analysis applies to this claim, and that ruling is incorporated by reference.  Count 6 is dismissed with prejudice.

Count 11 alleges that Defendant Walley Naylor committed fraud by sending a letter of

apology.  More specifically, Plaintiffs offer the following:

> Walley R. Naylor, as Director of the Division of Child Support Enforcement,
> mailed a correspondence letter of apology to Windell C. Blount dated April 26,
> 2012, acknowledging that the agency had violated Mr. Blount['s] rights.
> **(Reference Exhibit "I")**[.] This is a violation of the Mississippi State Statu[t]e
> 43-1-4, (a–e), et.als [sic], in addition to the First, Fourth, Fifth, Fourteenth, and
> Sixteenth Amendments et.als [sic].

Compl. [1-2] ¶ 30.  The referenced letter states that after review, "Your case has been submitted

to the Yazoo County Child Support Office and will close effective May 1, 2012.  Again, we

apologize for any inconvenience this may have caused you."  Letter [1-2] at 38.

The elements of common-law fraud in Mississippi are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge
> of its falsity or ignorance of its truth, (5) his intent that it should be acted on by
> the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance
> of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his
> consequent and proximate injury.

*Franklin v. Lovitt Equip. Co., Inc.*, 420 So. 2d 1370, 1373 (Miss. 1982).  These elements must be

proven by clear and convincing evidence.  *Cotton v. McConnell*, 435 So. 2d 683, 685 (Miss.

1983).

Based on Plaintiffs' allegations, it is impossible to see how they state a fraud claim in

Count 11.  As stated previously, to overcome a Rule 12(b)(6) motion, a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555

(citations and footnote omitted).  Moreover, a party pleading fraud under Rule 9(b) of the

Federal Rules of Civil Procedure "must state with particularity the circumstances constituting fraud . . . ."

Blount has not met these burdens as to Count 11.  Based on the pleaded facts, the Court cannot reach a plausible conclusion that the apology letter satisfies each of the nine required elements for a fraud claim.  Moreover, it does not appear that Blount could cure these deficiencies.  Therefore, Count 11 is dismissed with prejudice.

Finally, Count 28 involves Defendant Williams.  This count is quoted in full in Section III(A)(2)(b), and generally claims that Williams committed fraud because an on-line article accused her of mismanagement in the 1990s.  *See* Compl. [1-2] ¶ 56.  The Court previously concluded that this count failed to present a plausible claim under § 1983, and it is equally lacking under a fraud theory.  Simply put, there are no facts suggesting that mismanagement in the 1990s satisfies the nine fraud elements as to these defendants or that such a claim could possibly be timely.  Because the claim appears frivolous and to have been pleaded at its best, it is dismissed with prejudice.

IV.    Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Dismiss [5] is granted.  Plaintiffs' federal claims against MDHS, Richard Berry, Linda Slaughter, Walley Naylor, Ruth Ann Williams, Nelene Ledford, Sequoia Eubanks, Andreal Harper, Vernassia Harbin, and Judy Price under §§ 1983 and 1985 are dismissed with prejudice, except Blount's First Amendment retaliation claim, which is dismissed without prejudice.  Additionally, all of the pleaded state-law claims based on section 43-1-4, negligence, and fraud

against these defendants are dismissed with prejudice.  Because Petra Kay and O.J. Paige did not

join in the Motion to Dismiss, Plaintiffs' claims against these Defendants survive.  The

remaining parties are instructed to contact the chambers of the magistrate judge to set the case

for a status conference.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE