UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT, et al.                                                                     PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:14cv336-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                               DEFENDANTS
HUMAN SERVICES, et al.

consolidated with

WINDELL C. BLOUNT, et al.                                                                     PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:15cv404-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                               DEFENDANTS
HUMAN SERVICES, et al.

ORDER

These pro se consolidated cases are before the Court on Plaintiffs' motions [80, 86] "for Abeyances and Injunction," and on Plaintiff Windell C. Blount's two motions for "Relief Based on Conspiracy" [84, 85]. Because Plaintiffs have not demonstrated their entitlement to relief, all motions are denied.

I.  Background

Though not necessarily germane to the instant motions, the Court will briefly summarize the factual and procedural history in an effort to identify the active parties to and pending claims in each of the consolidated cases, given the somewhat convoluted record. Plaintiffs Windell C. Blount, Christopher E. Kelly-Patton, James M. Evans, Sr., and Wanda Kilgore filed the initial complaint in the lead case on April 21, 2014. Their Complaint purported to state claims under 42 U.S.C. §§ 1983 and 1985 for violations of their First, Fourth, Fifth, Fourteenth, and Sixteenth

Amendment rights arising out of their treatment by the Mississippi Department of Human Services ("DHS") and its employees with respect to child custody, visitation, and child support matters. Following rulings [43, 64] on motions to dismiss and for judgment on the pleadings, the sole claims remaining in the lead action were Plaintiff Blount's First and Fourteenth Amendment claims against Defendant Petra Kay. *See* Compl. [1] ¶ 4.

In apparent response to the Court's dismissal of many of their claims without prejudice to refiling in state court, Plaintiffs initiated the member case in Hinds County Circuit Court on April 23, 2015. In the member case, Plaintiffs asserted the same federal claims based on the same alleged conduct as presented in the lead case, but they also re-labeled those claims as invoking both federal and state law. Plaintiffs also asserted four new counts, each of which were premised on both federal and state law, and they added a new defendant in O.J. Paige. Defendants removed the member case to this Court on June 3, 2015, and most of the Defendants in that case moved to dismiss.[1]

The two cases were thereafter consolidated, and on February 19, 2016, the Court dismissed Plaintiffs' claims against the moving Defendants and Faye Peterson. Therefore, the only remaining claims are those against Petra Kay and O.J. Paige. As to Kay, Plaintiff Blount asserts claims for negligence, fraud, and violation of the First and Fourteenth Amendments and Mississippi Code section 43-1-4. *See Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-

---

[1] The motion to dismiss was filed on behalf of all defendants other than Petra Kay, Faye Peterson, and O.J. Paige. *See Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Mot. to Dismiss [5]. Peterson had not been served as of the date the moving Defendants filed their motion in the second case, but those Defendants asserted arguments regarding the claims asserted against Peterson. The Court considered the moving Defendants' arguments regarding those claims and dismissed them as barred by judicial immunity. *See* Order [89] at 12.

DPJ-FKB, Compl. [2] ¶ 23.  And as for Paige, Plaintiffs Blount and Evans assert claims for negligence, malpractice, and violation of the Fourth, Fifth, Fourteenth, and Sixteenth Amendments and Mississippi Code section 43-1-4.[2]

II.  Analysis

    A.  Motions for Abeyance and Injunction

Plaintiffs have filed two motions "for Abeyances and Injunction" [80, 86]; Defendants responded [83, 87], and Plaintiffs filed a reply [88].  In their motions, Plaintiffs ask the Court to "hold any and all procedures against them in other court[s] . . . in abeyance until the conclusion of this matter in Federal Court."  Mot. [80] at 1.  In particular, Plaintiffs ask the Court to enjoin any "fines, judgments, [and] child support payments" that may be ordered in state-court proceedings.  *Id.*  In response, Defendants point out that the relief sought was not included in the Complaint in either the lead or member case.  And they argue that the Court is precluded from ordering any state-court proceedings held in abeyance under the *Younger* abstention and *Rooker-Feldman* doctrines.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Plaintiffs have offered no substantive reply to Defendants' arguments.  More fundamentally, Plaintiffs have not demonstrated their entitlement to injunctive relief.  *See Janvey v. Alguire*, 647

---

[2]As Plaintiffs Kelly-Patton and Kilgore assert no claims against the remaining defendants in the member case, pursuant to the Court's previous order [89], their claims were dismissed with prejudice.

F.3d 585, 595 (5th Cir. 2011) (setting forth elements required to obtain preliminary injunction). Plaintiffs' motions [80, 86] are therefore denied.[3]

II.     Motion for Relief Based on Conspiracy

Blount has filed two motions generally related to conflicts he has had with various governmental entities other than the named Defendants. Though he "prays for general relief," Pl.'s Mot. [84] at 2, the actual purpose of these motions is not entirely clear. But given his pro se status, they must receive liberal construction. And in that light, it appears that they are best understood as attempts to amend the complaint and join new parties and claims so Blount can seek damages related to these other incidents.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." That said, a district court need not grant a futile motion to amend. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). As for joinder, Rule 20(a)(2) allows the court to join claims against multiple defendants in a single suit if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Significantly, "[a] district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case." *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (citing *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir.

---

[3]In their reply, Plaintiffs assert that DHS treats them differently than white males. Reply [88] at 1. This assertion does not relate to their motions, nor is it part of any claims in the Complaint. Finally, even if construed as a motion to amend to assert a pattern-and-practice § 1983 claim against DHS, the motion would be denied as futile given that, as the Court has already held, DHS is not a person for purposes of liability under § 1983. *See* Order [89] at 4–5.

4

1969)).  Accordingly, courts have discretion to "make such orders as will prevent delay and prejudice."  *Arrington*, 414 F.2d at 693.

With these principles in mind, the Court turns to the new assertions.  First, Blount complains about a 2010 letter he received from the Jackson Public Schools ("JPS") regarding a series of altercations at his son's school.  The letter states that Blount had failed to follow rules and procedures regarding campus visits, that he had harassed and threatened staff members, and that he would be arrested if he returned.  Blount contends that these statements are false and defamatory.

Blount's claims as to these incidents will not be joined in the present case for at least four reasons.  First, any potential claims against JPS, the principal, or anyone else are obviously time barred.  Second, they do not relate to the "same transaction, occurrence, or series of transactions or occurrences" involved in the remaining claims against the remaining Defendants.  Fed. R. Civ. P. 20(a)(2)(A).  Third, there is no "question of law or fact common to all defendants."  *Id*.  And finally, joining these additional discrete claims at this advanced stage of the present suit would cause unnecessary delay.

Blount's second new claim relates to incidents on September 3, 2014, when he claims that the Mississippi Department of Public Safety Division of Public Safety Planning allowed the Canton Police Chief to place false statements in his "Enforcement Records" without his knowledge.  He further contends that this was part of a conspiracy to defame him and prevent him from obtaining a position in law enforcement.  *See* Pl.'s Mot. [84] ¶ 2; Pl.'s Ex. [84-1] at 3–4.  These new issues may not be joined for essentially the same reasons as the school-related issues.  For starters, to the extent Blount seeks to add a defamation claim, or allege another

intentional tort, such claims are time barred. *See* Miss. Code Ann. § 11-46-5(2) (establishing a one-year statute of limitations). And even if the proposed claim is not time barred, it fails to meet the standards for joinder under Rule 20(a) and would cause undue delay.

Finally, Blount faults the Madison County Board of Supervisors for "the activities of Jail and Safety of those that are house at the jail." Pl.'s Mot. [84] ¶ 3. According to Blount, at some point he was arrested by the City of Canton Police Department for having a suspended license "because of child support violation." Pl.'s Ex. [84-1] at 3. He contends that the police failed to read him his *Miranda* rights, that he was falsely imprisoned, and that once jailed he was generally subjected to unlawful terms and conditions of confinement. These claims related to his treatment by law-enforcement officers in Madison County are not sufficiently related to the remaining claims in these consolidated civil actions. The Court therefore declines to allow an amendment joining these new claims against these new defendants under Rule 20(a). The motions are denied.[4]

III.   Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' motions [80, 84, 85, 86] are all denied. As Plaintiffs Kelly-Patton and Kilgore assert no claims against the remaining defendants in the member case, pursuant to the Court's previous order [89], their claims were

---

[4] Mr. Blount is advised that the mere existence of an open case in this Court does not mean he can add to it unrelated disputes he may have with other parties.

dismissed with prejudice.  And for the reasons stated in the Court's previous order [89], the claims against Defendant Peterson were likewise dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2016.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE