UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WINDELL C. BLOUNT, et al.                                                                                  PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 3:14cv336-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                                           DEFENDANTS
HUMAN SERVICES, et al.

consolidated with

WINDELL C. BLOUNT, et al.                                                                                  PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 3:15cv404-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                                           DEFENDANTS
HUMAN SERVICES, et al.

ORDER

These pro se consolidated cases are again before the Court, this time on Defendant O.J. Paige's Motion to Dismiss [93]; Defendant Petra Kay's Motion to Dismiss [100]; and Paige's Joinder [107] in Kay's Motion. For the reasons that follow, the motions are granted; but because neither defendant addressed all the claims pleaded against them in their motions, the federal claims against Paige and Kay will go forward.

I.      Facts and Procedural History

In very general terms, the two remaining pro se Plaintiffs in these cases, Windell C. Blount and James M. Evans, Sr., originally asserted claims related to child-custody, visitation, and child-support matters against the Mississippi Department of Human Services ("MDHS") and a host of individual defendants. Following rulings on motions to dismiss in the lead and consolidated cases, the two remaining plaintiffs assert claims against two individual defendants:

Plaintiff Blount asserts state and federal claims against Defendant Kay, and Plaintiffs Blount and Evans assert state and federal claims against Defendant Paige.[1]

Both remaining Defendants have now moved to dismiss. Responses, replies, and additional documents have been filed, and the Court has personal and subject-matter jurisdiction and is prepared to rule.[2]

II.    Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[3]  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a

---

[1] All responses to Defendants' motions have been filed solely by Blount; Evans has not filed any opposition to the pending motions.

[2] In particular, Plaintiff Blount filed a Response [97] to Paige's Rebuttal in support of his motion, after which Paige filed a Memorandum [98] in support of his motion. Blount also filed a Response [105] to Kay's Reply, as well as Additional Exhibits [106] thereafter. Local Rule 7(b)(4) permits only the filing of a response and a reply; no responses after the reply are allowed absent an order granting leave to file. The parties are instructed to follow the local rule in the future.

[3] Technically, Kay's motion is one for judgment on the pleadings under Rule 12(c) as she answered the Complaint in both the lead and member cases. Answer [24]; *Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Answer [7]. But the standards for addressing motions under Rule 12(b)(6) and Rule 12(c) are the same. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

Defendants Kay and Paige moved for dismissal on the basis of affirmative defenses—the statute of limitations and failure to exhaust under the Mississippi Tort Claims Act ("MTCA"). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (quoted in *Wentzell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 317 (5th Cir. 2015)). In particular, "a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011).

Finally, when considering a motion under Rule 12(b)(6), the Court's review is ordinarily limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Here, the parties have submitted documents outside the pleadings, but the Court limits its review to the allegations of the Complaint.

III. Analysis

    A. Petra Kay[4]

Blount's claims against Kay are set forth in a single paragraph in the Complaint in the member case:

> On 20 July 2011, Department of Human Services' Families First Resource Center Director Petra Kay prohibited Windell C. Blount from visiting with his young son by creating a hostile environment and stating disparaging words that were captured on audio tape requested at the Families First Resource Center. Petra Kay committed perjury in her testimony while under oath in Chancery Court. (See **Exhibit "C",** attached verified letter from Petra Kay). This caused an unfavorable outcome and undue stress concerning Windell C. Blount. This is a direct violation of the Mississippi State Statute 43-1-4, (a-e), et.als, in addition to the First and Fourteenth Amendment. This slander and the defamation of character have consequently affected Windell C. Blount's current visitation status concerning his son.

*Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Compl. [2] ¶ 23 (emphasis in original).[5] In her motion, Kay focuses exclusively on the state-law claims asserted against her, with no argument addressing the First and Fourteenth Amendment claims Blount raises. The federal claims survive dismissal.

Turning to the state-law claims, Kay asserts that she "worked with and for the Hinds County Chancery Court to assist the Court in its ongoing effort to resolve family disputes and issues." Kay Mem. [101] at 2. As such, she contends that she "come[s] under the protection of the Mississippi Tort Claims Act." *Id.* In particular, Kay invokes the MTCA's notice-of-claim

---

[4]Kay's motion is actually filed by herself and Families First Resource Center ("Families First"). While the Complaints in these cases identify Kay as the Director of Families First, that entity is not separately named as a defendant.

[5]The claim against Kay set forth in the lead case is substantially identical to the claim as articulated in the member case.

requirement and the statute's one-year limitations period. *Id.* at 3–4 (citing Miss. Code Ann. §§ 11-46-11(1), 11-46-11(3)(a)).

The Mississippi Supreme Court has "found that independently incorporated entities can constitute instrumentalities of governmental entities subject to the Mississippi Tort Claims Act." *Woodall v. AAA Ambulance Serv., Inc.*, 161 So. 3d 1071, 1073 (Miss. 2015). Where a governmental entity controls the defendant, that defendant may be deemed to be an instrumentality of the government for purposes of the MTCA. *See id.* For his part, Blount does not dispute that Families First is an instrumentality of a governmental entity, arguing instead that the State of Mississippi owns Families First. Pl.'s Mem. [103] at 1–2; *see also Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Compl. [2] ¶ 23 (describing Families First as being a part of or within MDHS). Absent argument to the contrary, and considering that Blount alleges that Families First falls under the umbrella of MDHS, the Court concludes that Families First and Kay are entitled to the protection of the MTCA.

And under the MTCA, a pre-suit notice of claim must be submitted to the applicable governmental entity and suit must be filed within one year of the allegedly tortious conduct. Miss. Code Ann. §§ 11-46-11(1), 11-46-11(3)(a). Compliance with these requirements is not apparent from the face of the Complaint; Blount does not claim to have provided the pre-suit notice and Kay's allegedly tortious conduct took place in 2011—well more than one year before Blount first brought suit against Kay in 2014. The Complaint likewise reveals no basis for tolling. Blount's failure to comply with the MTCA mandates dismissal of the state-law claims against Kay.

Even if the MTCA did not apply, Kay argues that the state-law claims are otherwise barred by the statute of limitations applicable to intentional torts. Although the heading preceding the paragraph containing Blount's claims against Kay includes the legal label "Negligence-General," the substance of the allegations assert intentional tortious conduct. *See Lynch v. Liberty Mut. Ins. Co.*, 909 So. 2d 1289, 1292 (Miss. Ct. App. 2005) ("In determining whether a claim flows from an intentional act or an act of negligence, the court is not bound by the parties['] characterization of the act, but makes its determination based on the facts."). The statute of limitations governing intentional torts under Mississippi law is one year. Miss. Code Ann. § 15-1-35; *see also Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1252 (Miss. 2015) (holding that intentional torts governed by Miss. Code Ann. § 15-1-35). The state-law intentional-tort claims against Kay are also time-barred under this statute.

Blount offers two arguments to resist Kay's motion. First, he states that Kay is in default. Pl.'s Mem. [103] ¶ 2. But there has never been an entry of default judgment in either case. Instead, the lead case, Kay sought an extension of time to answer and was granted until July 16, 2014, to do so; she filed her answer on July 11, 2014. *See* Mot. [19]; June 16, 2014 Text Order; Answer [24]. In the member case, Kay timely filed her answer on July 2, 2015. *Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Answer [7]. Kay is not in default.

Finally, Blount suggests that Kay admitted liability in her answer. Specifically, Blount points to several paragraphs in Kay's Amended Answer in the lead case in which Kay pleaded that she "would *pay* that she be dismissed." Am. Answer [27] at 2 (emphasis added); *see also id.* at 3, 4. Neither this obvious typographical error nor the other defenses relied upon by Blount

6

can reasonably be interpreted as an admission of liability, especially when the answers expressly deny liability.  The state-law claims against Kay are dismissed.

  B. O.J. Paige

As with the claims against Kay, the claims against Paige are also set forth in a single paragraph in the member-case Complaint:

> Mississippi Department of Human Services on September 15, 2013, allegedly utilized Jackson Police Officer and Hinds County Chancery Court Services, Lt. O.J. Paige in assisting to serve a summons and warrant by using fear of arrest and bodily harm to coerce both plaintiffs Windell C. Blount and James Evans, Sr. to pay child support, when they knew or should have known that Lt. O.J. Paige was reprimanded for harassment in the past.  (**Exhibits "J"** (1) Affidavit and (2) Disciplinary Action Letter)[.]  This is a violation of Mississippi State Statute 43-1-4(a-e), et.als, in addition to the Fourth, Fifth, [F]ourteenth, and Sixteenth Amendments et.als[.]

*Blount v. Miss. Dep't of Human Servs.*, No. 3:15cv404-DPJ-FKB, Compl. [2] ¶ 31 (emphasis added).  And as with Kay, Paige does not address the federal claims in his motion to dismiss.  Instead, in his motion, filed by the City of Jackson and Paige in his official capacity, Paige seeks dismissal of the state-law claims asserted against him.  His joinder in Kay's motion appears to be made in his individual capacity, and it too fails to address the Fourth, Fifth, Fourteenth, and Sixteenth Amendment claims.  Those claims survive Paige's motions.

  Starting with the City of Jackson, as with Families First, the City is not separately named as a Defendant in either of these lawsuits.  But claims against a government actor in his official capacity are functionally claims against the governmental entity.  *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).  Accordingly, it is proper to consider the City's arguments.

The City generally contends that the MTCA does not apply or, alternatively, Blount failed to comply with the MTCA's procedural requirements. The first argument is not persuasive, but the second is. According to the City, Paige was acting outside the course and scope of his employment with the City of Jackson when he committed the allegedly tortious acts. As such, the MTCA did not waive the City's (and Paige's official-capacity) sovereign immunity from suit. *See* Miss. Code Ann. § 11-46-5. In response, Blount states that Paige "represent[ed] himself in his official capacity through interactions with Windell Blount, as a City Police Officer with JPD . . . ." Pl.'s Resp. [94] at 2. The Complaint does not plainly indicate that Paige was necessarily acting outside the course and scope of his employment. So at the 12(b)(6) stage, the Court concludes that the MTCA does apply, precluding sovereign immunity.

However, the City/Paige make additional MTCA-based arguments in support of dismissal of the official-capacity claims: lack of pre-suit notice and the expiration of the MTCA's statute of limitations. And, as explained above, the Complaint does not indicate compliance with the pre-suit notice requirement; the allegedly tortious conduct took place more than one year before Blount and Evans sued Paige on April 23, 2015; and the Complaint raises no basis for tolling. The official-capacity claims are subject to dismissal for failure to comply with the MTCA.

With regard to the individual-capacity state-law claims, Paige has joined in Kay's motion and arguments. In particular, Paige asserts that when he was working as a process server for MDHS outside the scope of his employment with the City of Jackson, he was an instrumentality of MDHS and the Hinds County Chancery Court, and he is therefore entitled to the protections of the MTCA with regard to the individual-capacity claims. For his part, Blount does not

address the substance of Paige's argument, instead insisting that Paige's joinder is late. *See* Pl.'s Resp. [109] at 1. But Paige joined in Kay's motion within the time permitted by the local rules for responses to motions. Paige's joinder was timely.

Turning to the substance of Paige's joinder, the Complaint alleges that Paige was acting as an agent of MDHS and Hinds County. Absent argument or authority to the contrary, and assuming Paige was acting outside the scope of his employment with the City, the Court is inclined to conclude that the MTCA governs. And as already explained, Plaintiffs failed to comply with the pre-suit notice and limitations period of the MTCA. Moreover, to the extent Paige has also joined in Kay's more general argument regarding the statute of limitations governing intentional torts, the state-law claims against Paige are also substantively claims alleging intentional wrongdoing. As such, they are barred by the one-year statute of limitations set forth in section 15-1-35 of the Mississippi Code.

Finally, Blount makes two additional arguments that should be addressed. First, he says that Paige never filed an answer so he "has no standing in this Court." Pl.'s Resp. [94] at 1. A review of the docket shows that Paige did not file his first pleading—his motion to dismiss—until March 2016—more than nine months after the member case was filed in state court. But Plaintiffs never sought a clerk's entry of default under Rule 55(a) or default judgment under Rule 55(b), and Paige has now appeared to defend the lawsuit. The Court concludes Paige has standing to move to dismiss.

Blount's final argument, contained in a Surreply [97] filed without leave of Court, is that "while Lt. O.J. Paige was a full-time Police Officer, he also was a full-time process server in violation of [Mississippi Code section] 17-25-11(4)." Pl.'s Surreply [97] ¶ 1. But the Complaint

9

contains no claim related to the alleged illegality of Paige's full-time moonlighting.  The Court will not construe this argument in Blount's Surreply as a motion for leave to amend for two reasons.  First, under Local Rule 7(b)(3)(C), "[a] response to a motion may not include a counter-motion in the same document.  Any motion must be an item docketed separately from a response."  Second, Blount's arguments do not suggest a plausible claim for relief at this point. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").  For all of the foregoing reasons, the state-law claims against Paige are dismissed.

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  Defendant O.J. Paige's Motion to Dismiss [93] and Defendant Petra Kay's Motion to Dismiss [100] are granted and the state-law claims against Kay and Paige are dismissed with prejudice.  The federal claims, which were not addressed by either defendant in their motions, will go forward.[6]  The parties are instructed to contact the chambers of Magistrate Judge F. Keith Ball within ten days of the entry of this order to have the case re-set for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[6]The piecemeal nature of the motion practice in these cases has been frustrating, to say the least.  The lead case has been pending for more than two years and it is still in the early stages of litigation.